UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CARLOS WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:11-CV-466-TLS |
| | ) | |
| CAMCO MANUFACTURING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 19] filed on July 11, 2012. On November 15, 2012, the Plaintiff, Carlos White, submitted a Letter [ECF No. 23] in response to the Defendant's Motion. On November 21, 2012, the Defendant filed a Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 24] with an attached Memorandum of Law in Support of its Reply [ECF No. 25]. The Plaintiff subsequently filed another Letter [ECF No. 26] on November 30, 2012, notifying the Court of his submission of additional documents in support of his Amended Complaint. For the reasons set forth in this Opinion and Order, the Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 19] will be granted in part and denied in part.

**BACKGROUND**

On December 9, 2011, the Plaintiff, proceeding pro se, filed his Employment Discrimination Complaint [ECF No. 1] and an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2]. In his Complaint, the Plaintiff alleged that the Defendant

discriminated against him on account of his race. (Compl. 2, ECF No. 1.) The Plaintiff included the following facts in support of his Complaint:

> I was discriminated against wages and rehiring. I have written notarize statement from wittness Ricky D Borough who amittes he was terimated for being arrested and a 3 day no call no show, who was given his job back . . .
> I am seeking back from 12/20/2010 until present date or resolve date, plus my position back at Camco Manufactors.

(*Id.* 2–3 (errors in original).)

By Order [ECF No. 3] dated December 14, 2011, the Court granted the Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2]. On February 8, 2012, the Defendant filed its initial Motion to Dismiss [ECF No. 9] and a Brief in Support [ECF No. 10]. In its Motion, the Defendant asked the Court to dismiss the Plaintiff's wage discrimination claim and his failure to rehire claim. The Plaintiff filed his Response [ECF No. 13] to the Defendant's Motion on March 28, 2012. Thereafter, the Plaintiff filed a Motion to Appoint Counsel [ECF No. 15] on March 14, 2012. The Court denied the Plaintiff's Motion to Appoint Counsel by Order [ECF No. 16] dated April 17, 2012. On May 29, 2012, the Court issued an Order [ECF No. 17] granting the Defendant's Motion to Dismiss [ECF No. 9] in part. Specifically, the Court dismissed the Plaintiff's failure to rehire claim and granted the Plaintiff up to June 28, 2012, to file an amended complaint regarding his wage discrimination claim. (May 29 Order.)

On June 28, 2012, the Plaintiff filed an Amended Complaint [ECF No. 18] alleging that the Defendant "did not treat [him] the same as they did Dave Davis or Jose Salazar." (Am. Compl. 1, ECF No. 18.) The Plaintiff further explained:

> I believe I was treated differently than co worker Dave Davis (White)[.] He receive more overtime, and was not release from his job detail when his attendance got out

of hand, as I was, Jose Salazar work in the same department I did cleaning line department which is piece rate[.] He was able to stay hourly, and I wasnt which no one could explain[.]

(*Id.* 3 (errors in original).) The Plaintiff continued:

I never complained about Jose Salazar work more hours than myself, I told them if I work on the cleaning line with Jose Salazar I should be paid hour just as he was being paid. I was told no way by Respondent. 3rd Ricky. or Brottling was incarcerated lost his job for no call no show, once he was released from jail he was allowed to return to work by Responded. . . . Frist of all Davis, Dave from Sept: 2010 to October 2010 did reicve more over time than myself which should have been equally disturbed out. Secondly I never was written up for job performance. I did adapt to the position I asked to be transferred, back to box erector, which a temp was working. I was told no and put on the cleaning line out of the blue one day after lunch.

(*Id.* 4–5 (errors in original).)

On July 11, 2012, the Defendant filed its Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 19] and an attached Memorandum of Law in Support [ECF No. 20]. The Defendant argues that the Plaintiff has not alleged sufficient facts to support a prima facie claim of wage discrimination. (Def.'s Mot. to Dismiss Pl.'s Am. Compl. 2, ECF No. 19.) According to the Defendant, the Plaintiff has not presented any "facts showing that he was paid less than similarly situated individuals and that the wage discrimination was due to his race." (*Id.*) Further, the Defendant asserts that the Plaintiff's failure to rehire claim has already been dismissed and should not be allowed to continue forward because "he has failed to exhaust his administrative remedies with respect to this claim." (*Id.*)

On July 19, 2012, the Defendant filed his Appendix [ECF No. 21] to his Amended Complaint, which contained additional documents in support of his claim. After the Plaintiff failed to respond to the Defendant's Motion to Dismiss, the Court issued an Order [ECF No. 22] directing the Plaintiff to file a response within fourteen days of receiving the Order. On

November 15, 2012, the Plaintiff submitted a Letter [ECF No. 23] in response to the Defendant's Motion. On November 21, 2012, the Defendant filed a Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 24] with an attached Memorandum of Law in Support of its Reply [ECF No. 25]. The Plaintiff subsequently filed an additional Letter [ECF No. 26] notifying the Court of his submission of additional documents in support of his Complaint.

**DISCUSSION**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), a court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 678. The Seventh Circuit has provided the following summary of the lessons to be learned from *Twombly* and *Iqbal* with respect to notice pleading and the Rule 12(b)(6) standard:

> First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). As long as a complaint invokes a recognized legal theory and contains plausible allegations on material issues, it cannot be dismissed under Rule 12. *Richards v. Mitcheff*, 696 F.3d 635, 638 (7th Cir. 2012).

### A. Wage Discrimination

In the present case, the Plaintiff alleges that the Defendant engaged in wage discrimination against him on account of his race. According to the Plaintiff, two of the Defendant's employees, Dave Davis and Jose Salazar, were paid at a higher rate and were allowed to work more overtime than the Plaintiff. (Am. Compl. 1–5.) In its Motion to Dismiss, the Defendant argues that the Plaintiff's allegations "do not establish a 'plausible' claim for relief" under the *Twombly-Iqbal* standard. (Def.'s Mot. to Dismiss Pl.'s Am. Compl. 2–3.) The Defendant contends that the Plaintiff's claim must fail because he has not alleged facts establishing critical elements of the claim. (*Id.* 4.) Specifically, the Defendant asserts that the

Plaintiff has not alleged sufficient facts to establish that Dave Davis and Jose Salazar are "similarly situated" employees for purposes of a Title VII wage discrimination claim. (*Id.* 4–5.) Without sufficient facts to establish a prima facie claim of wage discrimination, the Defendant concludes that the Plaintiff's claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court finds the Defendant's argument to be inapplicable at this stage of the proceedings. For an employment discrimination claim to survive a motion to dismiss under Rule 12(b)(6), a plaintiff is not required to allege facts corresponding to each element of a prima facie case of discrimination. *See Twombly*, 550 U.S. at 569 (acknowledging that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp.*" ) (internal quotations omitted) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002)); *Swierkiewicz*, 534 U.S. at 510 ("The prima facie case [of employment discrimination] . . . is an evidentiary standard, not a pleading requirement.").

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'

*Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555.) The Seventh Circuit's decision in *Tamayo v. Blagojevich*, 526 F.3d 1074 (7th Cir. 2008), offers guidance as to the pleading requirements in an employment discrimination case:

> We previously have stated, on numerous occasions, that a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally. A complaint need not "allege all, or *any*, of the facts logically entailed by the claim," and it certainly need not include evidence. *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (quoting *Am. Nurses' Ass'n v. Ill.*, 783 F.2d 716, 727 (7th Cir. 1986));

6

> *see also Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) ("Federal complaints plead claims rather than facts."). Indeed, "[l]itigants are entitled to discovery before being put to their proof, and treating the allegations of the complaint as a statement of the party's proof leads to windy complaints and defeats the function of [ Federal Rule of Civil Procedure] Rule 8." *Bennett*, 153 F.3d at 519.

*Tamayo*, 526 F.3d at 1081 (emphasis and alterations in the original). The *Tamayo* court explicitly addressed the impact of *Twombly* on its decision, noting that "the Court in [*Twombly*] made clear that it did not, in fact, supplant the basic notice-pleading standard." *Id.* at 1083. Ultimately, "once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim." *Id.* at 1084 (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773 (7th Cir. 2007)). Therefore, a plaintiff will avoid dismissal under 12(b)(6) if his or her complaint alleges that the employer instituted a specific adverse employment action against the plaintiff on the basis of his or her race or sex. *See Tamayo*, 526 F.3d at 1084.

*McCauley v. City of Chi.*, 671 F.3d 611 (7th Cir. 2011), provides further guidance for courts applying the *Twombly-Iqbal* standard. The *McCauley* court revisited the pleading standard announced in *Twombly* and refined in *Iqbal*, emphasizing that the factual specificity required in a complaint "rises with the complexity of the claim." 671 F.3d at 616–17 (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) ("A more complex case . . . will require more detail, both to give the opposing party notice of what the case is all about and to show how, in the plaintiff's mind at least, the dots should be connected.")). To guide its decision, the *McCauley* court considered two previous Seventh Circuit opinions, *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009), and *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010). In *Brooks*, the plaintiff filed a complaint alleging a wide-ranging conspiracy among various Illinois government

7

officials and state employees. 578 F.3d at 578. In affirming the dismissal of the plaintiff's complaint, the *Brooks* court found that the complaint consisted of a formulaic recitation a cause of action for malicious prosecution and allegations of the defendant's role in the investigation, which were "just as consistent with lawful conduct as [they were] with wrongdoing. *Id.* 581–82. In comparison, *Swanson* involved an African-American loan-applicant who was denied a loan and then brought a claim of racial discrimination under the Fair Housing Act against the defendant. 614 F.3d at 402–03. The plaintiff's complaint alleged that the defendant intentionally undervalued her home because of her race and that a third-party appraiser confirmed the undervaluation of her home. *Id.* The *Swanson* court found that a claim of housing discrimination was straightforward and that the plaintiff satisfied her pleading burden under *Twombly* and *Iqbal*. *Id.* 404–05. In its decision, the *McCauley* court found that the plaintiff's complaint was more similar to the complaint in *Brooks* than the complaint in *Swanson* and affirmed the district court's dismissal of the plaintiff's complaint. *McCauley*, 671 F.3d at 617–19.

With this precedent in mind, the Court finds that the Plaintiff in the present case has set forth sufficient allegations in his Amended Complaint to survive the Defendant's Motion to Dismiss. It is well established that pro se complaints are to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Arnett v. Webster*, 658 F.3d 742, 752 (7th Cir. 2011). Here, the Plaintiff's Amended Complaint alleges that he suffered wage discrimination on account of his race while working for the Defendant. Although his Amended Complaint is not a model of clarity, as in *Swanson*, the Plaintiff's Amended Complaint contains factual allegations identifying (1) who discriminated against him; (2) the type of discrimination that occurred; and (3) when the discrimination took place. The Plaintiff, an African-American, alleges that the

8

Defendant paid Jose Salazar, a Latino employee, and Dave Davis, a Caucasian employee, higher wages than him. (Am. Compl. 1–5.) According to the Plaintiff, he performed similar work to Salazar in the Cleaning Line Department, but was paid less than Salazar. (*Id.* 3.) In his Amended Complaint, the Plaintiff states that he worked directly for the Defendant between August 2009 and December 2010. (*Id.* 1.) Similarly, the Plaintiff asserts that Davis received more overtime than he did despite Davis' attendance problems. (*Id.* 3.) The Plaintiff states that this discrimination took place between September 2010 and October 2010. (*Id.* 5.) Given the straightforward nature of the Plaintiff's employment discrimination claim, *Twombly* and *Iqbal* do not require more. *See McCauley*, 671 F.3d at 617 (discussing the *Swanson* holding and recognizing that a complaint alleging discrimination which includes (1) who discriminated against the plaintiff; (2) the type of discrimination that occurred; and (3) when the discrimination took place, satisfies the *Twombly-Iqbal* standard). The Plaintiff has presented a plausible claim of wage discrimination. Therefore, the Court will deny the Defendant's Motion to Dismiss as to the Plaintiff's claim of wage discrimination. *Cf. Wyant v. Wayne Tp. Fire Dep't*, No. 1:11-CV-145-LJM-TAB, 2011 WL 1660605 (S.D. Ind. May 3, 2011) (rejecting the defendant's argument that the plaintiff's sex discrimination claim should be dismissed because the plaintiff failed to allege facts establishing a prima facie case of sex discrimination and denying the defendant's motion to dismiss); *Hayes v. Elementary Sch. Dist. No. 159*, No. 10 C 7095, 2011 WL 1059890 (N.D. Ill. Mar. 21, 2011) (rejecting the defendant's argument that the plaintiff's retaliation claim should be dismissed because the plaintiff failed to allege facts establishing a prima facie case of retaliation and denying the defendant's motion to dismiss); *Bitner v. Securitas Sec. Servs., USA, Inc.*, No. 10 -CV-1255, 2011 WL 1100539 (C.D. Ill. Mar. 3, 2011) (rejecting the defendant's

argument that the plaintiff's sex discrimination and retaliation claims should be dismissed because the plaintiff failed to allege facts establishing prima facie cases of sex discrimination and retaliation and denying the defendant's motion to dismiss); *Pinner v. Lake Cnty. Highway Dep't*, Cause No. 2:09-CV-343-TS, 2010 WL 2737151 (N.D. Ind. July 8, 2010) (Springmann, J.) (rejecting the defendant's argument that the plaintiff's Title VII discrimination claim should be dismissed because the plaintiff failed to allege facts establishing prima facie case of discrimination but granting motion to dismiss on other grounds).

The Defendant also implicitly argues that the Plaintiff has pled himself out of court with respect to his wage discrimination claim. (*See* Def.'s Mot. to Dismiss Pl.'s Am. Compl. 5–7.) A plaintiff can plead himself out of court by pleading facts that show that he has no legal claim, *see Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011), but the Plaintiff has not done so in this case. The Defendant points to documents submitted by the Plaintiff, including pay stubs and a section of a report by the Indiana Civil Rights Commission, as evidence demonstrating that the Plaintiff's allegations are factually inaccurate and that his claim of wage discrimination is implausible. While the Defendant presents one interpretation of these documents, the Court observes that the documents submitted by the Plaintiff are unauthenticated and presented in an unorganized fashion. Without more information to provide context for these documents, the Court cannot determine their significance in relation to the Plaintiff's claim of wage discrimination. Therefore, dismissal at this stage of the proceedings would be inappropriate and the Court will allow the Plaintiff to proceed with his claim of wage discrimination.

### B. Rehiring Claim

In his Amended Complaint, the Plaintiff reiterates his failure to rehire claim, (Am. Compl. 4.), which the Court previously dismissed because of the Plaintiff's failure to exhaust his administrative remedies (May 29, 2012, Order 3–5, ECF No. 17). According to the Plaintiff, both he and a co-worker, Ricky Brottling, were incarcerated and missed work, resulting in the termination of their employment by the Defendant. The Plaintiff alleges that Brottling was permitted to return to work but that the Defendant refused to allow him (the Plaintiff) to return to work. The Defendant correctly notes that the Court previously dismissed this claim and that the Plaintiff has failed to exhaust his administrative remedies with respect to his failure to rehire claim. For the same reasons as set forth in its May 29, 2012, Order, the Court affirms it decision to dismiss the Plaintiff's failure to rehire claim and will grant the Defendant's Motion to Dismiss as to that claim.

### CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 19] is GRANTED in part and DENIED in part. The Plaintiff's failure to rehire claim is DISMISSED. The Plaintiff will be permitted to proceed with his wage discrimination claim.

SO ORDERED on January 29, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION