# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CARLOS WHITE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 3:11-CV-466-TLS |
| CAMCO MANUFACTURING, INC. | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff Carlos White, proceeding pro se, is suing his former employer, Camco Manufacturing, Inc., for discriminating against him on the basis of his race. The Plaintiff, who is African-American, believes that a Latino employee, Jose Salazar, was paid at a higher rate for performance of the same duties, and that a Caucasian employee, Dave Davis, was allowed to work more overtime. He alleges that the basis for these discrepancies was his race.

The Defendant has filed a Motion for Summary Judgment [ECF No. 41], Memorandum of Law in Support [ECF No. 42], and supporting exhibits. The Defendant also provided the Plaintiff with Notice [ECF No. 44] of its request for summary judgment, setting forth the requirements of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1, and advising the Plaintiff of his right to respond to the Defendant's Motion and potential consequences for failing to respond. The Plaintiff filed a Response to Motion for Summary Judgment [ECF No. 48], but his Response fails to cite to any record evidence to support his claims. The Defendant filed a Reply [ECF No. 42].

**STATEMENT OF FACTS**

Rule 56 requires a party asserting that a fact cannot be disputed to support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Additionally, as set forth in Rule 56(e):

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . , the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e)(1)–(4).

This Court has reviewed the Defendant's Statement of Material Facts and finds that they are adequately supported with appropriate citations to particular parts of materials in the record. In his Response, the Plaintiff did not include a Statement of Genuine Disputes, *see* N. D. Ind. L.R. 56-1(b)(2), or provide the Court with any list of material facts as to which he contends there exists a genuine issue necessary to be litigated. Even if the Court construes the Plaintiff's Response as his statement of genuine disputes, it is wholly devoid of citation to particular portions of materials in the record. "[D]istrict courts are not obliged in our adversary system to scour the record looking for factual disputes and may adopt local rules reasonably designed to streamline the resolution of summary judgment motions." *Waldridge, v. Am. Hoechst Corp.*, 24

F.3d 918, 922 (7th Cir. 1994). Even pro se litigants must follow rules of civil procedure. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006); *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 562 (7th Cir. 2002) (stating that although the court had to construe facts in favor of the plaintiff, that did not diminish the plaintiff's "responsibility to present those facts in the manner dictated by local court rules"). Because the Plaintiff's Response fails to properly address the Defendant's assertions of fact, the Court finds that the following facts are not genuinely disputed:

The Defendant produces antifreeze, windshield fluid, and cleaning and maintenance supplies for recreational vehicles. The Plaintiff was employed in the Defendant's Elkhart, Indiana, facility from August 2009 to December 2010. The last job he worked was as a Production Packager in the Cleaning Line Department. This position is compensated on a piece rate basis. Jose Salazar also worked in the Cleaning Line Department, but not as a Production Packager. Salazar, as the Cleaning Line Set-up person, did not produce any goods. He was responsible for ensuring, through the use of a computer, a calculator, power tools, forklifts, and manual pallet jacks, that the cleaning line operated properly. This job required more skill and significantly greater responsibility than the Production Packager position, and was paid on an hourly basis.

Prior to working in the Cleaning Line Department, the Plaintiff worked in the Blow Mold area. During the months of September and October 2010, he was in training to be a Blow Mold Operator on the Bekum machine. The other Blow Mold Operators, Dave Davis and Janice Frankenberg, operated the other machine in the department, the Uniloy, which was used to produce industrial containers for antifreeze. The operation of each machine is different and requires different training. The Uniloy was in its peak season of operation, but the Plaintiff did

3

not have any responsibilities on the Uniloy machine. During the month of October 2008, Frankenberg and Davis received training on the Beckum machine in addition to performing their regular duties on the Uniloy machine. Time records for July through November 2010 show that the Blow Mold Operators worked various amounts of overtime. From July 2, 2010, through September 24, 2010, Davis averaged 17.76 hours of overtime every two weeks. During this same time period, the Plaintiff averaged 16.92 hours of overtime. In October, Davis worked more overtime than the Plaintiff because the Uniloy machine was in peak operation and he was also being trained on the basic operation of the Bekum machine. During the final two weeks of October 2010, the Plaintiff missed two days of work during one weekend and, thus, did not work any overtime during that week. Despite this absence, he worked 10.28 hours of overtime for the pay period ending October 29, compared to Davis's 22.73 hours of overtime with the extra weekend. At the end of October, the Plaintiff wanted to leave the Blow Mold Department because he did not like the work. He was moved to another position in the plant.

## DISCUSSION

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, a nonmovant must be able to show that a reasonable jury could return a verdict in his favor; if he is unable to "establish the existence of an element essential to his case, and on which he will bear the burden of proof at trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), summary judgment must be granted.

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate

4

against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of his race. 42 U.S.C. § 2000e–2(a)(1). To survive summary judgment, a plaintiff alleging employment discrimination can proceed under either the direct or indirect method of proving that his employer took an adverse employment action against him because of his race. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 610 (7th Cir. 2006). The Plaintiff does not attempt to establish discrimination using the direct method. Accordingly, if he is to survive the Defendant's Motion for Summary Judgment on his race discrimination claims, he must do so under the indirect method.

The indirect method requires the Plaintiff to proceed under the burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801–02 (1973). To state a prima facie case of disparate compensation, a plaintiff must show that: (1) he is a member of a protected group; (2) he was fulfilling his employer's legitimate performance expectations; and (3) he suffered an adverse employment action in that he was paid a lower wage than a "similarly situated" nonprotected class member. *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 274 (7th Cir. 2004) (citing *Hildebrandt v. Ill. Dep't of Nat'l Res.*, 347 F.3d 1014, 1030–31 (7th Cir. 2003)). A similarly situated employee is one whose performance, qualifications, and conduct were comparable in "all material respects." *Id.* (citing *Durkin v. City of Chi.*, 341 F.3d 606, 613 (7th Cir. 2003); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). A court looks at all the factors that are relevant within the context of the case, which may include whether the employees held the same job description, were subject to the same standards, or had comparable experience, education, and qualifications, as long as the employer took these factors into account when making the personnel decision in question. *Abuelyaman v. Ill. State Univ.*,

667 F.3d 800, 810 (7th Cir. 2011); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002).

Only after establishing a prima facie case of discrimination does the burden shift to the employer to state a legitimate, nondiscriminatory reason for the employment action. *McDonnell Douglas*, 411 U.S. at 802. When the employer does so, the burden shifts back to the plaintiff, who must present evidence that the stated reason is a "pretext," which in turn permits an inference of unlawful discrimination. *Id.* at 804.

In support of its Motion for Summary Judgment, the Defendant has presented evidence showing that neither Salazar nor Davis were similarly situated employees to the Plaintiff. Salazar is not an appropriate comparator because he performed a different job, and this difference directly impacted the manner of payment, the very matter that is at issue in this case. In response, the Plaintiff argues that the Defendant is lying about its payment system. He submits that a set up person, like Salazar, is only paid hourly during set up, but after the line is up and running, is paid piece rate like the rest of the line workers. The Plaintiff has failed to properly support his assertion, and his argument does not qualify as evidence. "At summary judgment, . . . saying so doesn't make it so; summary judgment may only be defeated by pointing to admissible evidence in the summary judgment record that creates a genuine issue of material fact." *U.S. v. 5443 Suffield Terrace, Skokie, Ill.*, 607 F.3d 504, 510 (7th Cir. 2010). Moreover, inadmissible evidence will not overcome a summary judgment motion. *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 533 (7th Cir. 2003), and the Plaintiff has not provided an admissible basis for his statements, *see* Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the

matter."); Fed. R. Civ. P. 56(c)(4) (affidavits or declarations used in summary judgment "must be made on personal knowledge"). Because the only other employee the Plaintiff identified in support of his claim that he was discriminated in the rate of pay he received for his work in the Cleaning Line Department was not similarly situated to him, he cannot establish a prima facie case of discrimination under Title VII.

The Defendant has also presented evidence that Davis was not similarly situated to the Plaintiff with respect to the assignment of overtime because Davis was already trained and working on the Uniloy, a machine that was operating in peak season. His regular duties on the Uniloy, in addition to his receipt of training on a separate machine, impacted the number of hours he worked in ways that were not applicable to the Plaintiff and his operation of the Bekum machine. In response to the evidence, the Plaintiff complains that he should have received any overtime that Davis received because he was capable of performing the same duties. The Plaintiff has altogether failed to properly address the Defendant's assertions of fact. His vague, conclusory, and unsupported statement regarding his qualifications does not defeat a summary judgment motion; he was required to "present definite, competent evidence in rebuttal." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). Without such evidence, the Plaintiff cannot make out a prima facie case of race discrimination, and the Defendant is entitled to judgment as a matter of law.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion for Summary Judgment [ECF No. 41]. The Clerk will enter judgment in favor of the Defendant and against the

Plaintiff.

SO ORDERED on December 18, 2013.

                                                 s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION